# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2949 | **DATE** | February 12, 2004 |
| **CASE TITLE** | In re: Nancy J. Gleason, debtor    Dowd & Dowd v Nancy J. Gleason | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. This Court affirms the bankruptcy court's confirmation of debtor Gleason's plan of reorganization, as well as the bankruptcy court's closing of the case.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| X | Notices mailed by judge's staff. | | FEB 17 2004 date docketed | 9 |
| | Notified counsel by telephone. | | | |
| . | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE ) | |
| ) | No. 02 C 6880 |
| NANCY J. GLEASON, an individual, ) | 03 C 2949 |
| ) | |
| Debtor. ) | Appeal from 01 B 14730 |
| ) | Bankruptcy Judge Eugene R. Wedoff |
| _____) | |
| ) | |
| DOWD & DOWD, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Judge Robert W. Gettleman |
| ) | |
| NANCY J. GLEASON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

To quote plaintiff-appellant Dowd & Dowd, Ltd. ("Dowd & Dowd"), "It is sometime [sic] difficult to convey the excitement, gravitas, complexity, and feeling inherent in a legal dispute that has lasted for nearly 14 years.... It is a dispute that has sailed through [numerous courts]... not at the pace of 'Master and Commander' but of a sailing ship stuck in the windless seas of Cape Horn."[1] With this opinion, this court will attempt to sail this ship of seemingly endless litigation into the calm, safe harbor of finality.

Dowd & Dowd has appealed the confirmation of debtor-appellee Nancy Gleason's amended plan of reorganization (Case No. 02 C 6880), as well as the closure of Gleason's bankruptcy case (Case No. 03 C 2949). In an order dated May 20, 2003, the court consolidated

---

[1]Cape Horn, of course, is anything but windless. See John Masefield, Dauber (1913) ("Then came the cry of 'Call all hands on deck!'/The Dauber knew its meaning; it was come:/Cape Horn, that tramples beauty into wreck,/And crumples steel and smites the strong man dumb."). Perhaps plaintiff-appellant was thinking of Cape Cod.

the two pending appeals. For the reasons stated herein, the decisions of the bankruptcy court are affirmed.

## FACTS

On March 12, 2001, a Cook County Circuit judge entered a $2.66 million judgment against Nancy Gleason arising from her resignation of her partnership with Dowd & Dowd and subsequent formation of a competing law firm. Gleason appealed that judgment to Illinois Appellate Court, but did not post a bond or obtain a stay of the judgment in the state case pending appeal. In April 2001, while her state court appeal was pending, Gleason filed a petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. On Dowd & Dowd's motion, after an evidentiary hearing, the bankruptcy court dismissed the petition under 11 U.S.C. § 1112 (b), concluding that the petition was filed in bad faith. In re Gleason, 2001 WL 1597960 (Bankr. N.D.Ill. December 13, 2001). Among other things, the bankruptcy court noted that Gleason had filed her Chapter 11 petition solely to avoid posting a supersedeas bond, and that she had not filed a plan of reorganization. Id. at *3. On December 20, 2001, the bankruptcy court denied Gleason's motion for reconsideration. In re Gleason, 2001 WL 1844656 (Bankr. N.D.Ill. December 20, 2001).

On appeal, the district court (Judge Kennelly) reversed the dismissal and remanded the case to the bankruptcy court. In re Gleason, 2002 WL 570647 (N.D.Ill. April 16, 2002). The district court held that the bankruptcy court improperly shifted the burden of proof to Gleason to show that she filed her Chapter 11 petition in good faith, and thus applied the wrong legal standard. Id. at *1. In "guiding" the bankruptcy court on remand, the court also noted that, in dismissing the petition, the bankruptcy court had improperly focused on the number of creditors

2

to whom Gleason's debts were owed. Id. at *2. Dowd & Dowd appealed the reversal of the dismissal to the Seventh Circuit, which dismissed the appeal for lack of jurisdiction. See September 30, 2002, order, No. 02-2305 ("A district court order remanding a case to the bankruptcy court is not final and appealable if further significant proceedings are contemplated.").

On August 2, 2002, while Dowd & Dowd's appeal was pending in the Seventh Circuit, the bankruptcy court[2] held a trial regarding confirmation of Gleason's proposed amended plan of reorganization. In its "Brief in Objection to the Plan and Disclosure Statement," Dowd & Dowd reiterated its bad faith argument, which was treated by the bankruptcy court as an objection to the plan's confirmation under 11 U.S.C. § 1129(a)(3). After hearing evidence and argument, and concluding that Gleason "established feasibility of the plan by a totality of the circumstances," the bankruptcy court turned its attention to the good faith requirement of 11 U.S.C. § 1129(a)(3), which it characterized as plaintiff's burden. See also In re 203 North LaSalle Street Partnership, 126 F.3d 955 (7th Cir. 1997); In re Madison Hotel Associates, 749 F.2d 410 (7th Cir. 1984).

Citing to Seventh Circuit precedent, the applicability of which has not been disputed by Dowd & Dowd, the bankruptcy court concluded that the plan represented "an honest effort to repay debt." Specifically, the bankruptcy court noted that the plan provided for 15 percent of Gleason's earnings[3] to be paid to creditors, which would likely be the maximum amount that

---

[2]Although Judge Ginsberg presided over Dowd & Dowd's 2001 motion to dismiss, Judge Wedoff presided over the confirmation trial that occurred after the instant case was remanded to bankruptcy court.

[3]According to Dowd & Dowd's brief, Judge Wedoff, in closing the bankruptcy case, specified that he meant "wages" rather than "income" or "earnings." The transcript of the
(continued...)

3

could be garnished from her wages under Illinois law. Further, the bankruptcy court noted that the plan, which called for contributions throughout Gleason's working career, extended well beyond the 5-year maximum term of a Chapter 13 plan. On February 25, 2003, the bankruptcy court closed the case.

## DISCUSSION

The instant consolidated appeals purport to present two issues for this court's review: (1) did the bankruptcy court on remand commit error by approving the plan [which extends for Gleason's life and "crammed down" Dowd & Dowd], by essentially retrying the same evidence of bad faith as in the hearing on the motion to dismiss and coming to an opposite conclusion, and (2) did the bankruptcy court commit error by closing the case? Plaintiff-appellant's brief, however, focuses almost entirely on what it calls "legal unfairness" to Dowd & Dowd arising from the remand:

> Gleason got a second shot, repeated her performance, got a different judge, and obtained a different result on virtually the same testimony, the same evidence, and the same factors and the same elements.... The district court may not use the prior findings, make additional ones, and then in effect contradict the prior Bankruptcy trial judge.... If the District Court sitting on Appeal of a Bankruptcy Trial judge may not do this, there certainly is no possible reason for Judge Wedoff to do so in a 2nd trial. Judge Wedoff acted as an Appeals Court to Judge Ginsberg's trial and this is improper.

The court disagrees with appellant's characterization of the proceedings on remand as "forum-shopping" for two reasons. First, the motion to dismiss the bankruptcy petition for cause

---

$^3$(...continued)
closing proceedings have not been submitted to the court, however, and the order closing the bankruptcy case makes no mention of "wages," "income," or "earnings." The court notes that the amended plan of reorganization defines "wage payments" as "monthly payments of 15% of Debtor's wages, as 'wages' is defined in the Illinois Wage Garnishment Act, 735 ILCS 5/12-801 et seq."

4

under 11 U.S.C. § 1112(b) was not in fact re-tried, because the reversal of the motion to dismiss was on appeal before the Seventh Circuit at the time of remand. Instead, the bankruptcy court proceeded to trial on plan confirmation, and its consideration of good faith centered on Gleason's burden under 11 U.S.C. § 1129(a)(3) to demonstrate that her amended plan was "proposed in good faith and not by any means forbidden by law." After hearing testimony and reviewing the plan, the bankruptcy court concluded that the amended plan was indeed proposed in good faith. This is an altogether different inquiry than that involved in the motion to dismiss, which did not even consider any plan of reorganization (despite Gleason's proffer of a proposed reorganization plan on her motion for reconsideration). See also In re Madison Hotel Associates, 749 F.2d 410, 425 (7th Cir. 1984) (emphasis in original) (criticizing district court decision for "fail[ing] [to] make [the] legal distinction between the good faith that is required to <u>confirm a plan</u> under section 1129(a)(3) and the good faith that has been established as a <u>prerequisite to filing</u> a Chapter 11 petition for reorganization").

Second, even assuming <u>arguendo</u> that the same issue was indeed "retried," it is well within the province of the bankruptcy court <u>on remand</u> to come to a different conclusion. The district court reversed the motion to dismiss and remanded the case for "further proceedings." That Dowd & Dowd may not like the outcome on remand does not mean that the bankruptcy court overstepped its authority in concluding that the plan was proposed in good faith. Nor would the record support a finding that the bankruptcy court's good faith determination was clearly erroneous. See In re 203 North LaSalle Street Partnership, 126 F.3d 955, 969 (7th Cir. 1997) ("[T]he bankruptcy court's finding that the plan was proposed in good faith is a finding of fact to which we owe deference."); In re Andreuccetti, 975 F.2d 413, 419-420 (7th Cir. 1992)

5

(bankruptcy court's findings of fact are reviewed under clearly erroneous standard). Indeed, Dowd and Dowd does not present any argument that the finding was clearly erroneous. Again, Dowd and Dowd's argument addresses only its claim that the fact that Judge Wedoff reached a different result than Judge Ginsberg was "inherently unfair and wrong."

To the extent that Dowd & Dowd is challenging the amended reorganization plan's definition of "wages" or its provision that Dowd & Dowd may not access Gleason's wages until after all of her appeals have been exhausted, the court notes the following: (1) Dowd & Dowd has not cited a single case or statutory provision supporting its position; and (2) Dowd & Dowd has not cited specifically to any discussion of these issues in the record, aside from one reference to "p. 70-end" of the 93-page trial transcript. The court thus declines to reach these issues, which are entirely undeveloped in Dowd & Dowd's briefs. See Freeman United Coal Min. Co. v. Office of Workers' Compensation Programs, Benefits Review Bd., 957 F.2d 302, 305 (7th Cir. 1992) ("[W]e have no obligation to consider an issue that is merely raised, but not developed, in a party's brief.").

## CONCLUSION

For these reasons, the court affirms the bankruptcy court's confirmation of Gleason's plan of reorganization, as well as the bankruptcy court's closing of the case.

**ENTER:    February 12, 2004**

Robert W. Gettleman
United States District Judge

6